**Robert Lee MARION, Plaintiff–Appellant,**

v.

**Robert T. LaFARGUE, M.D., personally, Robert Nadrich, M.D., personally, and the New York City Health and Hospitals Corporation, Defendants–Appellees.**

No. 05–3797–cv.

United States Court of Appeals, Second Circuit.

June 20, 2006.

William M. Brooks (Melissa Berkman, Payal Mehra, Law Student Interns, on the brief), Mental Disability Law Clinic, Touro College, Jacob D. Fuchsberg Law Center, Huntington, NY, for Appellant.

Deborah A. Brenner, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, Larry A. Sonnenshein, Assistant Corporation Counsel, on the brief), Office of the Corporation Counsel, New York, NY, for Appellees.

PRESENT: THOMAS J. MESKILL, JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Robert Lee Marion brought the instant civil rights action alleging violations of 42 U.S.C. § 1983 and the Due Process Clause based on his involuntary hospitalization and compelled medication at the Bellevue Hospital Center for six days in December 1998. After a four-day jury trial before the District Court, the jury found defendants liable and awarded plaintiff compensatory damages in the amount of $1,000,001: $750,000 for the involuntary commitment; $250,000 for a single compelled injection of medication; and $1 for coerced oral medication during plaintiff's hospitalization. In an Opinion and Order dated February 20, 2004, Magistrate Judge Douglas F. Eaton reiterated his decision during the trial to deny plaintiff's claim for punitive damages as a matter of law, *see* Trial Tr. at 312–13, 597, and he ordered a remittitur of the compensatory damages award from $1,000,001 to a total of $180,001 ($150,000 for the involuntary commitment; $30,000 for the forcible injection; $5,000 for emotional damages suffered after the hospitalization; and $1 for the coerced oral medication). *See Marion v. LaFargue*, No. 00 Civ. 0840, 2004 WL 330239, at *6–13 (S.D.N.Y. Feb. 23, 2004). Plaintiff declined the remittitur and proceeded to a new trial on damages, after which he was awarded a total of $115,000 by another jury.

Based on our assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that Magistrate Judge Eaton did not err in declining to submit the issue of punitive

damages to the jury, and he did not abuse or exceed his discretion in ordering a remittitur of the first jury's damages award for plaintiff's involuntary hospitalization and forcible medication claims. Accordingly, the June 15, 2005 judgment of the District Court is hereby **AFFIRMED.**